CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 5 2010

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBIE G. BONHAM, | ) | |
| Plaintiff, | ) | Civil Action No. 7:09CV00358 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GLENN M. WEINRAUB, D.P.M., | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

This matter is presently before the Court on the Defendant's Motion to Dismiss on Statute of Limitations grounds (Dkt. No. 6). The Plaintiff responded with a Memorandum in Opposition (Dkt. No. 12) and the Defendant replied (Dkt. No. 13). The Court heard oral argument on this motion on February 25, 2010. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

## I. Procedural and Factual Background History

Plaintiff filed her complaint on August 26, 2009. In the complaint the Plaintiff, Ms. Bobbie G. Bonham ("Ms. Bonham"), alleged that the Defendant, Dr. Glen M. Weinraub ("Dr. Weinraub"), improperly performed surgery on her foot on June 9, 2005. Complaint ¶ 15. He continued to treat her in connection with this surgery until September 26, 2005. Id. at ¶ 20. Following this treatment, Ms. Bonham continued to experience pain with her foot and ankle, and eventually sought treatment in October of 2007 from Drs. Donnelly, Zelen, and Wolfe. Id. at ¶¶ 25-26. These doctors informed Ms. Bonham that the surgery performed by Dr. Weinraub was a failure and she would require additional surgery. Id. at ¶¶ 27-28. In Plaintiff's complaint, she advances the theory that Dr. Weinraub "intentionally and knowingly misrepresented Ms. Bonham's condition, diagnoses, and required treatment to Ms. Bonham" and then prevented Ms.

Bonham from discovering the unnecessary and failed surgery by "fraud, concealment, and/or intentional misrepresentation." Id. at ¶ 31, 35.

In his Motion to Dismiss on Statute of Limitations grounds, the Defendant argues that the filing of Ms. Bonham's complaint on August 26, 2009 was more than ten months after the statute of limitations expired. According to the Defendant, because Ms. Bonham discovered the injury in October of 2007, and because under Virginia law concerning malpractice claims she had one year from the date of discovery of the injury to file her complaint, she had fallen outside the statute of limitations. Plaintiff counters in her Memorandum in Opposition that the statute of limitations had not run because, under Virginia law concerning fraud, her cause of action did not accrue until she discovered her injury and accompanying fraud.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). And when evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Notwithstanding Fed. R. Civ. Pro. 8(a)(2) and while reiterating that "detailed factual allegations" are not required, the Supreme Court has specified that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not sufficient. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007)).

### III. Applicable State Law in Diversity Actions

This Court possesses diversity jurisdiction over the instant case because the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1332(a)-(a)(1). In cases heard under the diversity jurisdiction of federal district courts, a court must apply the substantive law of the state in which it sits. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). It is well-settled that state statutes of limitations are deemed substantive law, and thus, "if a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery." Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945). The Virginia statute of limitations, therefore, must be applied in the instant case. It only remains to determine how the particular Virginia statute of limitations at issue here should apply.

### IV. Discussion

The essence of the argument advanced by Plaintiff is that the entire course of treatment recommended by Dr. Weinraub, including his diagnosis and the accompanying surgery, was an inherently fraudulent act. According to Plaintiff's theory, she discovered the fraudulent course of treatment when she sought an alternative medical opinion in 2007, and it is at this moment of discovery that, under Virginia law, her cause of action for fraud accrued. VA. CODE § 8.01-249. The Defendant counters that Plaintiff is mischaracterizing what is an otherwise typical malpractice claim for misdiagnosis as a much more nefarious fraud claim in an attempt to shoehorn her time-barred negligence action into a longer statute of limitations. Defendant's theory is that Plaintiff's cause of action accrued at the date of the last treatment provided by Dr. Weinraub and began to run at that time. VA. CODE § 8.01-230; Grubbs v. Rawls, 235 Va. 607, 369 S.E.2d 683 (1988). Under Defendant's theory, any fraud, concealment, or intentional misrepresentation by Dr. Weinraub merely had the effect of preventing Ms. Bonham from

discovering that the surgery and treatment were failures until October of 2007. Defendant explains that this alleged fraud resulted in an additional statute of limitations period of one year that began to run upon Ms. Bonham's discovery of the injury. VA. CODE § 8.01-243(C). The Court endorses the Defendant's interpretation, and for the reasons that follow, finds that the applicable statute of limitations ran for two years after the original misdiagnosis. Then, due to fraud, concealment, or intentional misrepresentation, was extended for an additional one year period following Plaintiff's discovery of the injury. VA. CODE § 8.01-243(C). Because Plaintiff's complaint was not filed within the one year period after her discovery of the injury, it is outside of the statute of limitations and, consequently, time-barred.

There are three reasons that this Court rejects the Plaintiff's counter-arguments. First, the Court believes that the Plaintiff's claim is actually one for simple malpractice and her attempt to allege fraud is made only for the purposes of evading the statute of limitations. Second, the Court concludes that insofar as there is conflict within the statutory scheme for statute of limitations with fraud actions, the more specific statute addressing fraud within malpractice actions should apply. Third, in support of both of these conclusions, the Court finds that Virginia policy disfavors both artful attempts to evade statutes of limitations and artful attempts to avoid the constraints of malpractice procedures.

### A. Plaintiff's Complaint Labels Personal Injury Claim as Fraud

Plaintiff has attempted to avoid the personal injury statute of limitation by characterizing Dr. Weinraub's actions as fraud, and the injuries she suffered as a result of those actions as the consequences of that fraud. Merely labeling such circumstances as fraud, however, is unavailing. In Virginia, the applicability of different statutes of limitation are determined by object of the litigation and the substance of the complaint, not the particular form of pleading.

See Johnson v. Davis, 582 F.2d 1316, 1318 (4th Cir. 1978) ("It is well established in Virginia law that the object of the litigation rather than the theory of recovery determines which limitation period applies."); Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, 266 Va. 455, 465, 587 S.E.2d 701, 707 (2003) ("The applicability of the statute of limitations is governed by the object of the litigation and the substance of the complaint, not the form in which the litigation is filed."). The courts in Virginia have previously held that "an action to recover for personal injuries is, in essence, a personal injury action, and regardless of whether it is based upon an alleged breach of an implied warranty or upon an *alleged tort*, the limitations statute governing actions for personal injuries is controlling." Friedman v. Peoples Serv. Drug Stores, Inc., 208 Va. 700, 704, 160 S.E.2d 563, 565 (1968) (emphasis added). In Friedman the plaintiff attempted to characterize an improperly filled prescription as either a breach of contract or a breach of an express or implied warranty in order to avail himself of the three year statute of limitations for those actions. The Court rejected this characterization: "it is clear that the plaintiff's object was to recover damages from personal injuries sustained through defendant's failure to properly fill his prescription for medicine." Id. at 565. The situation here is nearly identical: the object of this litigation is to recover damages for the personal injuries Ms. Bonham sustained as a result of Dr. Weinraub's suggested treatment and surgery. Accordingly, the Court concludes that Ms. Bonham has simply labeled the entirety of her personal injury claim as a fraud claim – a strategy that Virginia law forbids and this Court refuses to endorse.

Ms. Bonham makes no factual allegations to distinguish this alleged fraud from a commonplace medical malpractice negligence claim and, thus, refute the analysis above. To the contrary, the facts she alleges support the Court's conclusion that she is advancing a classic medical malpractice claim and she, accordingly, seeks damages for injuries caused by the failed

treatment and an incorrect diagnosis, both of which were concealed from her by her health care provider. See Complaint ¶ 10-11 ("He treated her for plantar fasciitis, a plantar fasical tear, and a stress fracture. Ms. Bonham did not actually have a plantar fascial tear or a stress fracture."); Complaint ¶ 13 ("Radiology studies of Ms. Bonham…did not support his diagnoses or treatment, including the fusion surgery."); Complaint ¶ 21 ("Dr. Weinraub never told Ms. Bonham that her bones had not healed properly or that she had a nonunion."). Ms. Bonham does not allege that Dr. Weinraub fabricated an affliction for Ms. Bonham out of whole cloth, convinced her she was suffering from it, and then induced her to undergo surgery for this mythical problem.[1] The complaint admits that Ms. Bonham suffered from plantar fasciitis, for which podiatrists sometimes recommend surgical procedures. See Craig C. Young, M.D. *et al.*, Treatment of Plantar Fasciitis, 63 AM. FAM. PHYSICIAN 478 (2001). Whether Dr. Weinraub misdiagnosed additional problems or poorly performed the surgery should be treated as an issue of negligence. The allegations in Ms. Bonham's complaint mirror negligence allegations that have been recognized throughout Virginia law as merely a breach of the standard of care. See Holmes v. Levine, 273 Va. 150, 639 S.E.2d 235 (2007) (holding that misdiagnosis of cancer as kidney stone was permissible basis for conclusion of malpractice); Powell v. Margileth, 259 Va. 244, 542 S.E.2d 434 (2000) (holding that misdiagnosis of cancer as cat scratch disease was breach of duty in malpractice action). But because alleging negligence would result in her action being time-

---

[1] This Court would be more likely to endorse such hypothetical actions as examples of fraud and not malpractice. Nevertheless, that is not what is alleged here. The Court notes that other States facing such allegations of a complete fraud have come down on both sides of the question. Compare Nutt v. Carson, 340 P.2d 260 (Okl. 1959) (holding that plaintiff had stated an action for fraud and deceit when facts demonstrated that defendant physician had falsely claimed to have surgically removed her ovaries when he had not, continually assured her that he had and her pain could not have come from her ovaries, and was eventually exposed as a fraud when different physician removed a diseased ovary and ovarian cyst the size of a basketball from the plaintiff) with Walsh v. Barry-Harlem Corp., 272 Ill.App.3d 418, 649 N.E.2d 614 (Ill. App. 1st Dist.1995) (holding that the plaintiff's claim that the defendants improperly performed surgery on his eye involved a medical judgment and was, therefore, medical malpractice because even his allegation that they *intentionally* performed *unnecessary* surgery assumes that they had made a medical judgment that he did not need the surgery) (emphasis in original).

barred, Ms. Bonham set forth facts alleging malpractice negligence and then applied a thin veneer of fraud by characterizing Dr. Weinraub's actions as intentional. See Complaint ¶ 31 ("Dr. Weinraub intentionally and knowingly misrepresented Ms. Bonham's condition, diagnoses, and required treatment to Ms. Bonham."); Complaint ¶ 34 ("Dr. Weinraub intended to mislead Ms. Bonham into believing she required the surgery."). These characterizations are mere "labels and conclusions" and "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (2009) (citations omitted). Moreover, the Court does not believe that it would be a "reasonable factual inference" to infer fraud from facts indistinguishable from a commonplace negligence claim. Conley, 355 U.S. at 45 (1957). These facts are not sufficient, even under the motion to dismiss standard, to distinguish this case from what, to all appearances, is a typical negligence medical malpractice case. More colloquially, "when I see a bird that walks like a duck and swims like a duck and quacks like a duck, I call that bird a duck."[2]

### B. Malpractice Fraud Provisions Prevail Over General Fraud Provisions

Even if the Court were to deem the Plaintiff's complaint as successfully alleging a fraud action, Plaintiff would not be entitled to the delayed statute of limitations which corresponds to general fraud actions. Any fraud action that Plaintiff did successfully allege would still be considered as malpractice according to the definitions of the Medical Malpractice Act, and would still also be a personal injury action as discussed *supra*. VA. CODE § 8.01-581.1 *et seq.*; Friedman, 208 Va. at 703, 160 S.E.2d at 565. Virginia courts have maintained that determining whether an action is a malpractice actions entails asking "the crucial question...whether the plaintiff's allegations, as a matter of law, demonstrate that the defendants alleged tortious

---

[2] Some sources attribute this quotation to the "Hoosier Poet" James Whitcomb Riley. See Robin S. Davis, Who's Sitting on Your Nest Egg 7 (2007). Other sources, including Everett Dirksen & Herbert V. Prochnow, Quotation Finder 55 (1971), attribute it to Richard Cardinal Cushing, a Cardinal in the Catholic Church and the Archbishop Emeritus of Boston.

conduct based on health care or professional services rendered within the meaning of the Act." Hagan v. Antonio, 240 Va. 347, 350, 397 S.E.2d 810, 811 (1990). It is without doubt that the plaintiff has brought a malpractice action. See Complaint ¶¶ 7-9. At oral argument counsel for plaintiff appeared to concede that this was a malpractice action, but then argued that the statute of limitation specifically addressing the effect of fraud in a malpractice action (VA. CODE § 8.01-243(C)) should not apply because the statute pertaining to frauds generally (VA. CODE § 8.01-249) was also applied and did not conflict with § § 8.01-243(C). This argument is unavailing.

Although Plaintiff claims that VA. CODE § 8.01-249 and VA. CODE § 8.01-243(C) can be read together, her reading of the statutory scheme would in fact render VA. CODE § 8.01-243(C) entirely superfluous. Applying VA. CODE § 8.01-249 in malpractice suits renders VA. CODE § 8.01-243(C)(2) superfluous because no malpractice plaintiffs alleging fraud will ever employ the one-year statute of limitations extension in VA. CODE § 8.01-243(C)(2) when the health care provider concealed the injury. Instead, they would claim that their action accrued when the injury was discovered per VA. CODE § 8.01-249, and assert they were entitled to a two-year statute of limitations. When "statutes conflict in certain respects, we must resort to rules of statutory construction to ascertain the legislative intent." Moore v. Commonwealth, 155 Va. 1, 11, 155 S.E. 635, 638 (1930). The rule of statutory construction applicable here is that the specific controls the general. See Va. Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979) ("The established rule of statutory construction [is] that when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails."). The Plaintiff's preferred statute addresses fraud generally. See VA. CODE § 8.01-249 ("The cause of action...shall be deemed to accrue as follows: ...in actions for fraud or mistake...when

such fraud, mistake, misrepresentation, or undue influence is discovered."). Defendant's preferred statute addresses fraud within the scope of a medical malpractice action. See VA. CODE § 8.01-243(C)(2) ("The two-year limitations period…shall be extended in actions for malpractice against a health care provider as follows: …in cases in which fraud, concealment or intentional misrepresentation prevented discovery of the injury within the two year period, for one year from the date the injury is discovered."). Although these statutes will not always be in conflict, in the instant circumstances they are irreconcilable – either alleging fraud in malpractice cases extends the statute of limitations one year from the discovery of injury, or alleging fraud in malpractice cases means the cause of action had not yet accrued until discovery of the injury. The Court concludes that in these circumstances the two conflicting statutes cannot be harmonized, and the more specific rule that extends the statute of limitations when fraud occurs within a malpractice action should prevail. See Va. Nat'l Bank, 220 Va. 336, 257 S.E.2d 867. Thus, the applicable statute of limitations expired one year after Ms. Bonham discovered the injury per VA. CODE § 8.01-243(C)(2).

Plaintiff's attempt to distinguish between discovering a fraud and discovering an injury does not change this analysis, nor invalidate the application of VA. CODE § 8.01-243(C)(2). Although certainly such a distinction between fraud and injury can be made, Plaintiff has not done so in her complaint. Though she attempts to characterize her complaint differently, Plaintiff has alleged precisely what VA. CODE § 8.01-243(C)(2) describes – fraud preventing discovery of an injury. See Complaint ¶ 35 ("The defendant's fraud, concealment, and/or intentional misrepresentations prevented Ms. Bonham from discovering…[that] the defendant performed an unnecessary surgery that was not indicated and that the defendant falsely told her she had a condition that required a fusion surgery"). The injury, of course, is the unnecessary

surgery stemming from misdiagnosis and the result of the surgery. This is highlighted by the fact that the damages Plaintiff seeks are not typical injuries one would suffer from fraud, but rather those one suffers from unnecessary surgeries and misdiagnoses – hallmarks of a typical negligence malpractice claim. See Complaint ¶ 37, 38 ("Ms. Bonham underwent unnecessary and serious surgery; incurred and will incur substantial medical bills and expenses...suffered a nonunion of her calcaneal cuboid joint; experienced continuous pain and suffering and substantial lost wages...[suffered] emotional and mental anguish, decreased enjoyment of life, [and] serious and permanent injuries."). Plaintiff admits as much in her brief: "Of course, Ms. Bonham sustained *additional* injuries in October 2007 when she discovered that Dr. Weinraub – the health care provider she trusted to care for her – violated that trust and committed a fraud upon her." Memo. in Opp., Pg. 4 n. 6 (emphasis added). Thus, because the Court concludes that the allegations made by Plaintiff match precisely with circumstances that are covered by VA. CODE § 8.01-243(C)(2), she must comply with the limits of that specifically tailored statute.

### C. Virginia Policy Is Consistent With This Holding

As discussed *supra*, the Virginia Courts have reiterated time and again that the essential nature of the cause of action determines which statute of limitation applies. See Carva Food Corp. v. Dawley, 202 Va. 543, 546, 118 S.E.2d 664, 667 (1961) ("In determining the question whether the action survives, the real nature of the injury or the claim must be regarded and not the form or method by which it is sought to be redressed or enforced."). When plaintiffs attempt to escape statutes of limitations by changing the form or method of seeking redress, the Virginia courts have looked beyond the technical pleadings to determine which statute of limitations is most appropriate. See Kappa Sigma Fraternity, Inc., 266 Va. 455, 587 S.E.2d 701 (holding that declaratory judgment action was derivative of a time-barred underlying dispute). The reasoning

of the Virginia courts is that "if the law were otherwise, the statute of limitations could be rendered meaningless merely by filing of a declaratory judgment action." Bd. of Supervisors of Fairfax County v. Thompson Assocs., 240 Va. 133, 139, 393 S.E.2d 201, 204 (1990). Were the law the way the Plaintiff asserts here, the statute of limitations in VA. CODE § 8.01-243(C)(2) would be rendered meaningless. In accordance with the policy outlined in Thompson Assocs., this Court will not allow Ms. Bonham to use VA. CODE § 8.01-249 "as a vehicle to circumvent the applicable statute of limitations." Thompson Assocs., 240 Va. at 139, 393 S.E.2d at 204-05.

Virginia has a similar policy regarding attempts to avoid the procedures of malpractice actions. Typically this arises when plaintiffs have failed to provide defendant written notice as required by the Virginia Medical Malpractice Act. Courts have not permitted plaintiffs to craft pleadings so as to avoid requirements such as these. See Pierce v. Caday, 244 Va. 285, 291, 422 S.E.2d 371, 374 (Va. 1992) (rejecting plaintiff's attempts to characterize "her allegations as some sort of special contract to avoid the requirements of the [Medical Malpractice] Act"); Hagan, 240 Va. at 350, 397 S.E.2d at 811 (1990) (holding that allegations of intentional infliction of emotional distress when physician sexually molested plaintiff did not exempt plaintiff's claim from scope of Medical Malpractice Act); Gonzalez v. Fairfax Hosp. Sys., 239 Va. 307, 389 S.E.2d 458 (1990) (rejecting plaintiff's attempt to plead ordinary negligence when he was injured by metal object in hospital's whirlpool); but see Glisson v. Loxley, 235 Va. 62, 366 S.E.2d 68 (finding special contract to refrain from performing specific type of surgery that exempted action from Medical Malpractice Act because action did not sound in tort).[3] Although Plaintiff in the instant case is not seeking to avoid the same procedural rules as other plaintiffs, she is nonetheless seeking to craft her pleadings so as to avoid statutorily enacted procedures for

---

[3] The Court notes that following Glisson v. Loxley the Virginia legislature added "breach of contract action for personal injuries or wrongful death" into the definition of malpractice, thereby effectively abrogating Glisson. Va. Code Ann. § 8.01-581.1 (as amended by Acts 2005, cc. 649 & 692).

medical malpractice claims. This Court will follow the policy of Virginia courts and reject her attempts to avoid the procedural malpractice requirements.

With both of these policies in mind, the Court cannot help but conclude that the Virginia legislature did not intend to permit creative plaintiffs, plaintiffs who have failed to file both within the original statute of limitations and a specifically targeted extension, to characterize their apparently run-of-the-mill medical malpractice negligence claims as nefarious fraud claims to resurrect their otherwise time-barred action.

### V. Conclusion

For the above reasons, the Court finds that the applicable statute of limitations ran for two years after the original misdiagnosis and surgery. Due to alleged fraud, concealment, or intentional misrepresentation by Dr. Weinraub, an additional one year period was permitted. This extension came into existence and began to run upon the date of Plaintiff's discovery of the injury. VA. CODE § 8.01-243(C). Because Plaintiff's complaint was not filed within this extended one year period after the discovery of her injury, it is outside of the statute of limitations and, consequently, time-barred. Defendant's Motion to Dismiss (Dkt. No. 6) is, therefore, **GRANTED**.

An appropriate order shall issue this day. The Clerk of Court is directed to strike the matter from the Court's active docket and to send a copy of this Memorandum Opinion and accompanying Final Order to Plaintiff and counsel of record for the Defendants.

**ENTER:** This _15th_ day of March, 2010.

_James C. Turk_
Senior United States District Judge

12